FILED IN MY OFFICE
DISTRICT COURT CLERK
11/3/2016 9:05:45 AM
STEPHEN T. PACHECO
Maureen Naranjo

IN THE FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

THE ESTATE OF BREANNA VASQUEZ,

    Plaintiff,

vs.                                            No.  D-101-CV-2016-02571
                                                         Case assigned to Thomson, David K.

CITY OF SANTA FE POLICE DEPARTMENT,
The CITY OF SANTA FE, OFFICER MICHAEL DIMAS,
OFFICER LUKAS WAKEFIELD, JOHN DOE #1 and
JOHN DOE #2,

    Defendants.

## COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS, AND COMMON LAW TORTS

Plaintiff Breanna Vasquez, by and through his counsel, brings the following causes of action against Defendants:

### INTRODUCTION

1. This Complaint alleges tort claims, federal civil rights and state common law claims against the Santa Fe Police Department, and the City of Santa Fe. These claims arise from the deliberate and conscious violation of Plaintiff's rights, the failure of Defendants to adequately supervise, train, and oversee the individual police officer who violated Plaintiff's rights, the failure to provide adequate medical services, the failure to use due care to ensure the health, safety and welfare of the Plaintiff, and the failure of the Defendants to follow proper procedures and guidelines related to interactions between law enforcement and Breanna Vasquez;

1

EXHIBIT A

2. On or about November 9, 2014, Breanna Vasquez was arrested by Officers Michael Dimas and Lukas Wakefield from the Santa Fe Police Department in Santa Fe County, State of New Mexico on the basis of a warrant for failure to appear for misdemeanor charges in the Santa County Magistrate Court;

3. At the time of her arrest, which took place at her home in Santa Fe at approximately 8:42 a.m., Ms. Vasquez was obviously seriously ill;

4. Ms. Vasquez had been to Christus St. Vincent Hospital the night before and was wearing her hospital bracelet;

5. Family members, including Ms. Vasquez' mother, repeatedly advised the arresting officers that Ms. Vasquez was seriously ill and were assured by the officers that Ms. Vasquez would be monitored and kept safe until bond could be posted. Bond in the case was set at $2,360;

6. Despite knowledge of her medical condition requiring treatment, Officers Dimas and Wakefield did not provide medical treatment, took no steps to secure medical treatment and did not transport Ms. Vasquez to the hospital for medical clearance before incarceration;

7. To the contrary, Ms. Vasquez was transported directly to the Santa Fe County detention Center and booked into custody;

8. Ms. Vasquez became unresponsive while in custody and was transported to Christus St. Vincent Hospital later on November 9, 2014, where she died on November 11, 2014;

9. As a result of the failure to provide adequate medical treatment, failure to secure medical treatment and failure to follow established practices and procedures, Ms. Vasquez

2

suffered personal injury resulting in her death, emotional distress, and causing emotional injury and distress to her family;

10. The Defendants' were responsible for ensuring that Plaintiff's civil rights were honored and maintained, that proper procedures were followed in connection with the officers' encounter with Plaintiff, that Plaintiff's statutory rights were honored, and that the Santa Fe Police Officers were properly trained and supervised. Instead, the rights of Breanna Vasquez were deliberately and consciously ignored and disregarded;

## PARTIES

11. Breanna Vasquez was at all times material hereto a resident of Santa Fe, New Mexico;

12. Upon information and belief, the Santa Fe Police Department is a governmental entity responsible for the operation, supervision, employment, and training of members of the Santa Fe Police;

13. Upon information and belief, the City of Santa Fe is a governmental entity incorporated within the State of New Mexico and responsible for the supervision and oversight of the Santa Fe Police Department;

14. Upon information and belief, Officer Michael Dimas and Officer Lukas Wakefield were employees of the City of Santa Fe and the Santa Fe Police Department and were serving in their official capacity as law enforcement officer at all times material hereto;

15. Upon information and belief, John Doe #1 and John Doe #2 were employees of the City of Santa Fe and the Santa Fe Police Department and were serving in the capacity of supervising officers for the Santa Fe Police Department;

3

## JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiff's claims pursuant to the New Mexico Tort Claims Act and 42 U.S.C. 1983;

17. Venue is properly located in this district;

## BASES FOR CAUSES OF ACTION

18. 42 U.S.C. §1983, New Mexico Tort Claims Act, NMSA 1978, § 41-4-12, the U.S. and New Mexico Constitutions, the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and New Mexico Common Law;

## FIRST CAUSE OF ACTION
### (Claims Against Defendants for Negligent Hiring, Training and Supervision)

19. The contents of paragraphs 1- 18, above, are incorporated hereinto by reference as if set forth in full;

20. Defendants City of Santa Fe, the Santa Fe Police Department, John Doe #1 and John Doe #2 had a duty to properly train, supervise, and monitor all sworn peace officers it employs;

21. Defendants City of Santa Fe, the Santa Fe Police Department, John Doe #1 and John Doe #2 had an obligation to conduct a reasonable and adequate applicant screening process, including background investigations, to determine whether Defendants Dimas and Wakefield were appropriately qualified to work for the Santa Fe Police Department, assure that Dimas and Wakefield received appropriate and adequate training; prepare, adopt and institute appropriate policies, procedures and protocols regarding peace officers' interaction with the public; and to

4

monitor or discipline employees of the Santa Fe Police Department in order to assure that Dimas and/or Wakefield complied with policies, procedures and protocols;

22. Defendants Santa Fe Police Department, the City of Santa Fe, John Doe #1 and John Doe #2 had a duty to ensure that Plaintiff's rights were not violated by Dimas and/or Wakefield;

23. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 breached their duty to properly train and supervise Defendants Dimas and/or Wakefield. This negligent breach of duty was the direct and proximate cause of Plaintiff's injuries;

24. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 are liable for the tortious acts of Dimas and/or Wakefield under the doctrine of supervisory liability and agency;

**SECOND CAUSE OF ACTION**
**(Claims Against Defendants for Deprivation of Civil Rights Under 42 U.S.C. § 1983)**

25. The contents of paragraphs 1- 24, above, are incorporated hereinto by reference as if set forth in full;

26. The Defendants had a duty and obligation to ensure that Plaintiff's Federal and State Constitutional rights were honored and respected;

27. Breanna Vasquez had the right to be free from the unlawful deprivation of her civil rights by the Defendants;

28. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 had an obligation to insure that Plaintiff's rights were not violated by Dimas and/or Wakefield;

5

29. Defendants Dimas and/or Wakefield acted with deliberate indifference to Plaintiff's civil rights and contrary to laws, regulations, and the United States and New Mexico Constitutions;

30. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 acted with deliberate indifference to Plaintiff's civil rights by not properly training and supervising Dimas and Wakefield to insure that the officers followed the laws, regulations, and the United States and New Mexico Constitutions;

31. The Defendants' conduct deprived Plaintiff of her constitutional right to substantive due process under the Fifth, Eighth and Fourteenth Amendment to the United States Constitution;

32. The conduct of Defendants was intentional, unreasonable, reckless, wanton, willful and callously indifferent to Plaintiff's Constitutional rights;

33. The rights in question which Plaintiff alleges were violated by Defendant were clearly established prior to November 18, 2015, and any reasonable, competent police officer similarly situated would have been aware that the conduct of Defendants Dimas and Wakefield, as described herein, would violate Plaintiff's Constitutional rights;

34. The conduct of the Defendants was a direct and proximate cause of the deprivation of Plaintiff's clearly-established Fifth, Eighth and Fourteenth Amendment rights, which caused the injuries to Plaintiff and resulted in the damages described below;

35. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 are liable for the tortious acts of Dimas and/or Wakefield under the doctrine of supervisory liability and agency;

## THIRD CAUSE OF ACTION
### (Claims Against Defendants for violations of the Common Law)

36.     The contents of paragraphs 1 - 35, above, are incorporated herein by reference as if set forth in full;

37.     The Defendants Dimas and Wakefield had a duty to exercise ordinary care to protect Plaintiff's health, safety and welfare when they encountered Breanna Vasquez and took her into custody;

38.     Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 had a duty to Plaintiff to exercise the degree of care, skill and learning expected of a reasonably trained and qualified peace officer regarding officers' interaction with a citizen and that citizen's Constitutional rights;

39.     The Defendants breached these standards of care by allowing or turning a blind eye to Dimas and/or Wakefield's actions;

40.     Defendants Dimas and/or Wakefield's conduct against Breanna Vasquez was extreme and outrageous;

41.     Defendants Dimas and/or Wakefield's acted with intent to cause Breanna Vasquez suffering and/or emotional distress, or with a reckless disregard for her or Plaintiff's suffering and/or emotional distress;

42.     Breanna Vasquez' mental distress and suffering was extreme and severe;

43.     The actions of Dimas and/or Wakefield were a direct and proximate cause of the injuries to Plaintiff resulting in her damages as set forth below;

7

44. All Defendants are liable for the tortious acts and omissions of others under the doctrine of supervisory liability and agency;

## FOURTH CAUSE OF ACTION
**(Against all Defendants for Claims Arising Under the New Mexico Tort Claims Act)**

45. The contents of paragraphs 1 - 44, above, are incorporated herein by reference as if set forth in full;

46. Due to the above-described acts of the Defendants against Plaintiff, the Plaintiff suffered personal injury, which resulted in her death, mental anguish, and suffering resulting from the deprivation of rights, privileges or immunity secured by the Constitution and laws of the United States and New Mexico;

47. Defendants breached their duty to Plaintiff;

48. Defendants' conduct, described above, was a direct and proximate cause of the violation of Plaintiff's rights, as well as the injuries to Plaintiff which resulted in her suffering, mental anguish and damages;

49. Defendants are liable for the tortious acts and omissions of each other under the doctrine of supervisory liability, agency, and negligence;

## FIFTH CAUSE OF ACTION
**(Punitive Damages)**

50. Plaintiff incorporates herein the paragraphs (1-49) above as if the same were set forth at length;

51. There are well established principles of Constitutional law related to the care and treatment of the Plaintiff that Dimas and/or Wakefield were required to follow during the encounter with Plaintiff;

52. Defendants Dimas and/or Wakefield knew or should have known of the legal principles related to the treatment of the Plaintiff;

53. Defendants Dimas and/or Wakefield failed to follow the established principles of Constitutional law;

54. Defendants Dimas and/or Wakefield acted with a deliberate indifference to Plaintiff's treatment during their encounter with Breanna Vasquez and whether her constitutional rights were honored;

55. Defendants Dimas and/or Wakefield acts against Breanna Vasquez were reckless and constituted an utter disregard for Plaintiff's Constitutional rights;

56. The Defendants Dimas and/or Wakefield actions were willful, reckless, and wanton;

57. The Defendants Dimas and/or Wakefield conduct was extreme and outrageous;

58. Defendants Dimas and/or Wakefield acted with intent to cause Plaintiff suffering and emotional distress;

59. At all relevant times, the Defendants Dimas and/or Wakefield were acting in the scope of their employment and while under the color of law;

60. Defendants Santa Fe Police Department, City of Santa Fe, John Doe #1 and John Doe #2 are liable for the acts and omissions of Dimas and Wakefield under the doctrines of supervisory liability and agency;

61. As a result of the reckless acts and deliberate indifference the Defendants, Plaintiff suffered harm for which it seeks recovery under the New Mexico Wrongful Death Act including severe injury, resulting in death, emotional distress, mental anguish, and other damages in an amount to be determined at trial;

## JURY TRIAL

62. Plaintiff hereby demands a jury trial in connection with this matter;

## DAMAGES

A. Plaintiff has lost the worth of the life of Breanna Vasquez due to unlawful acts by the Defendants, including her enjoyment of life and liberty;

B. Plaintiff suffered damages due to Defendants' acts and omissions, and such damages include hedonic damages for the value of the loss of enjoyment of Breanna Vasquez' life, as well as economic damages, mental pain, suffering, anguish, and trauma;

C. Because the conduct of Defendants involved intentional misconduct, recklessness, gross negligence, willfulness and/or callous indifference, and/or because Defendants' conduct was motivated by malice, evil motive or intent, Plaintiff is entitled to recover a separate award of punitive and exemplary damages against each individual Defendant;

D. As a result of Defendants acts and omissions, Plaintiff has incurred reasonable legal costs and expenses for which it seeks recovery.

## CONCLUSION

WHEREFORE, Plaintiff requests the following relief against Defendants:

A. Awards of compensatory damages in an amount to be determined at trial;
B. Awards of punitive damages in an amount to be determined at trial;
C. An award of pre- and post-judgment interest on any amounts recovered herein;

D. The costs of action herein, including attorney's fees pursuant to 42 U.S.C. §1988 on Plaintiff's §1983 claims; and

E. Such other and further relief as the Court may deem appropriate under the circumstances.

Dated: November 2, 2016
Santa Fe, New Mexico

**THE PERRIN LAW FIRM**

*/s/ Doug Perrin*
Doug Perrin
1322 Paseo de Peralta - Lower Level
Santa Fe, NM 87501
Phone: (505) 989-8800
Fax: (214) 646-6117
Email: dougperrin@perrinlaw.org
*Attorney for Plaintiff*

**CLARK, JONES & PENNINGTON, LLC.**

/s/ Thomas Clark
Thomas M. Clark
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
(505) 986-0475 (fax)